# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

CRAIG GABALDON,

       Petitioner,

v.                                           Civil No. 10-255 RB/RHS

ERASMO BRAVO, et al.,

       Respondents.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

1.  THIS MATTER comes before the Court on Petitioner Craig Gabaldon's Petition, filed March 18, 2010 **[Doc. 5]**.  Following probation revocation proceedings in state court, Mr. Gabaldon's probation was revoked in an Order and Commitment to Department of Corrections, filed in the Second Judicial District Court of New Mexico on March 18, 2009.  (See Ex. S, attached to Respondents' Answer to Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) ("Answer"), filed Apr. 19, 2010 **[Doc. 12]**).[1]  Mr. Gabaldon, proceeding *pro se*, alleges the following grounds for relief in his federal petition:  (I) he was not timely served with a copy of the probation violation report pursuant to NMRA 5-805; and (II) counsel was ineffective in failing and/or refusing to file a motion to dismiss the state's motion to revoke probation on this basis.

2.  On December 14, 2009, Mr. Gabaldon filed a state habeas petition, which was denied the same day.  (See Exs. V, W).  On January 6, 2010, Mr. Gabaldon filed a "second or successive application" for habeas corpus in state court, which was denied the same day.  (Exs.

_____

[1]All exhibits referenced in these proposed findings and recommended disposition ("PFRD") are attached to Respondents' Answer.

X, Y).  On January 14, 2010, Mr. Gabaldon filed a "Petition for Writ of Mandamus" in the

Supreme Court of New Mexico, which was denied on February 5, 2010.  (Exs. Z, AA).  On

February 2, 2010, Mr. Gabaldon filed a "Petition for Writ of Certiorari" in both the state district

court and the Supreme Court of New Mexico; these petitions were denied on February 5, 2010

and February 26, 2010, respectively.  (Exs. BB, CC, DD, EE).  Respondents concede that

Petitioner has exhausted the claims raised in his federal petition.

3.  Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), when a state court has decided issues on the merits, a federal

court may grant habeas relief only if a petitioner can show that the state court decision "was

contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States," id. § 2254(d)(1), or "was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceedings," id. § 2254(d)(2).  Moreover, the factual findings of a state court are presumed

correct and can be overturned by this Court only if the presumption is rebutted by clear and

convincing evidence.  See 28 U.S.C.A. § 2254(e)(1). Because the state courts adjudicated

Petitioner's claims on their merits, the AEDPA standards of review apply.[2]

> *Ground I*:        *whether Petitioner was timely served a probation violation report*
> *pursuant to NMRA 5-805*

4.  Petitioner claims that his rights were violated when he failed to receive a copy of the

---

[2]Even if Mr. Gabaldon's federal petition is analyzed under 28 U.S.C. § 2241, deference is
still accorded to the New Mexico courts' determination of any federal constitutional issues.  See
Henderson v. Scott, 260 F.3d 1213, 1215 (10th Cir. 2001) ("Although we analyze [petitioner's]
claim under § 2241, we still accord deference to the [state court's] determination of the federal
constitutional issue.") (citations omitted).

2

probation violation report within the five (5) day period set forth in NMRA 5-805(E).[3]  In

considering and denying this claim, the state district court observed that "[n]othing in 5-805

NMRA required this Court to dismiss Petitioner's probation violation based on Petitioner not

being timely served with his probation violation report."  (Order Denying Petition for Writ of

Certiorari at 2, Ex. CC).  The state district court further found that "Petitioner had admitted to his

probation violation after having been advised of his rights by this Court . . . . [and] did not

establish that the outcome of his probation violation would have been different."  (Id. at 2 ¶ 9).

    5.  This Court notes that in alleging error based on a violation of a state rule, Petitioner

raises an issue of state law.  However, "it is not the province of a federal habeas court to

reexamine state-court determinations on state-law questions.  In conducting habeas review, a

federal court is limited to deciding whether a conviction violated the Constitution, laws, or

treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citations omitted)

(per curiam).  Further, this Court is "bound to accept the [New Mexico] court's construction of

its state statutes."  Dennis v. Poppel, 222 F.3d 1245, 1257 (10th Cir. 2000), cert. denied, 534 U.S.

887 (2001).  The Court recommends that relief on the basis of Ground I be denied.

    *Ground II:  whether Petitioner was denied effective assistance of counsel*

    6.  In order for Petitioner to prevail on his claim that he received ineffective assistance of

counsel, he must satisfy a two-part test.  See Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

First, he must show that "counsel's representation fell below an objective standard of

reasonableness."  Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland v. Washington,

---

    [3]NMRA 5-805(E) requires that "within five (5) days of the arrest of probationer the
probation office shall submit a written violation or a summary report to the district attorney and
the court describing the essential facts of each violation.  A copy of the report shall be served on
the probationer and the probationer's attorney of record."

466 U.S. 668, 688 (1984)).  To demonstrate that his attorney's performance fell below this standard, Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

7.  Second, even if Petitioner is able to satisfy the first prong of this test, he will not be entitled to relief unless he is also able to demonstrate that his counsel's performance prejudiced him.  The burden rests with Petitioner to show that there is a reasonable probability that, but for any unprofessional errors by counsel, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id., 466 U.S. at 698.  This, in turn, requires the Court to focus on "the question whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."  Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (quoted in Moore v. Marr, 254 F.3d 1235, 1239 (10th Cir. 2001)).  Petitioner's mere assertions are not enough to satisfy the prejudice prong.

8.  Mr. Gabaldon claims that his counsel was ineffective in failing to move for dismissal of the state's motion to revoke probation based on a failure to meet the requirements of NMRA 5-805(E).  In considering and denying this claim, the state district court concluded that, assuming the truth of Petitioner's allegations, he "did not establish that the outcome of his probation violation [proceeding] would have been different."  (Order Denying Petition for Writ of Certiorari at 2 ¶ 9, Ex. CC).[4]

9.  This Court concludes that the state court's decision was neither contrary to, nor an

---

[4]This Court notes that the state district court judge who considered and denied Petitioner's claim on review, is the same judge who presided over Petitioner's probation revocation proceedings.

unreasonable application of, clearly established federal law.  Nor does this Court find that the state court's decision was based on an unreasonable determination of the facts in light of the evidence before it.  Petitioner fails to persuade this Court that it should not defer to the state court's decision denying this claim.  Accordingly, relief on this ground should be denied.

### Recommended Disposition

The Court respectfully recommends that Mr. Gabaldon's Petition **[Doc. 5]** be DENIED, and this civil proceeding be DISMISSED with prejudice.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE